CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 15 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANK ASHONTA TURPIN, ) | Civil Action No. 7:17-cv-00316 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| SHERIFF, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Frank Ashonta Turpin, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the Sherriff of Lynchburg, the Blue Ridge Regional Jail ("Jail") Authority, and Jail Administrator Timothy Trent as defendants. Upon receiving the complaint, the court entered an Order in July 2017 advising Plaintiff that he must maintain an accurate address of record for this case and that a failure to do so will result in dismissal of this case.

On October 16, 2017, the defendants filed a motion to dismiss and sent a copy to Plaintiff. On the next day, the Clerk issued a Notice that advised Plaintiff that a motion to dismiss was filed on October 31, 2016, and that Plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond . . ., the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

Notice (ECF no. 22) (original emphasis).

Plaintiff did not respond to the Notice or the motion to dismiss, and the Notice was returned as undeliverable. Pursuant to the Order entered in July 2017 and the Notice entered on

October 17, 2017, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER:** This 15th day of February, 2018.

                                                    Senior United States District Judge